## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SAVE THE CHILDREN FEDERATION, INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**PROSERVICES**<br><br>**Defendant.** | **Civil Action No.**<br><br>October 7, 2011 |

## COMPLAINT

Plaintiff Save the Children Federation, Inc. ("Save the Children"), by its undersigned counsel, hereby files suit against Proservices, and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for trademark infringement, unfair competition, trademark dilution, and cybersquatting, arising under the Federal Trademark Act of 1946, as amended, commonly known as the Lanham Act, 15 U.S.C. 1051 *et seq.*, and the statutes of the State of Connecticut.

### PARTIES

2. Save the Children is a § 501(c)(3) tax-exempt, non-stock corporation incorporated under the laws of the State of Connecticut, with its principal place of business in Westport, Connecticut. Save the Children, in existence in the United States for more than 75 years, is the world's leading independent organization for children with a mission to achieve immediate and lasting change in the lives of children worldwide.

3. Upon information and belief, Defendant Proservices is a not-for-profit

organization with a principal place of business at 1405 Laurelwood Circle, Laurel, Mississippi, 39440.

## JURISDICTION AND VENUE

4.       This court has jurisdiction over the subject matter and parties of this action pursuant to 15 U.S.C.A. § 1121, 28 U.S.C.A. §§ 1338, 1367, in that this case arises under the trademark laws of the United States, 15 U.S.C.A. 1051 *et seq*.

5.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

6.       Save the Children provides health, education, living essentials, fund-raising and other assistance for impoverished children and their families throughout the United States and brings health, education, economic opportunity, and emergency relief to nearly 12 million children in over 45 developing countries.  Save the Children has worked in Zambia since 1989 and currently maintains an office in Lusaka, Zambia.

7.       Save the Children is the owner of two federally registered service marks ("Marks") which include its name, as follows:

| SERVICE MARK | REGISTRATION NO. AND ISSUE DATE | SERVICES |
|---|---|---|
| SAVE THE CHILDREN FEDERATION | Reg. No. 0991617 August 20, 1974 | ELEEMOSYNARY SERVICES-NAMELY, PROVIDING COUNSEL AND FINANCIAL AID TO IMPOVERISHED CHILDREN AND THEIR FAMILIES |
| SAVE THE CHILDREN | Reg. No. 2582204 June 18, 2002 | CHARITABLE FUND-RAISING SERVICES; ELEEMOSYNARY SERVICES, NAMELY, PROVIDING FINANCIAL AID TO IMPOVERISHED CHILDREN AND THEIR FAMILIES |

Copies of the registration certificates for these Marks are attached hereto as Exhibit A.

8.     These Marks are incontestable under 15 U.S.C. §§ 1065, 1115(b) and are valid, subsisting, and in full force and effect.  By virtue of decades of continuous and substantially exclusive use, these Save the Children's Marks have become famous and recognized marks in the United States and are relied upon by the trade and public as identifying Plaintiff and its charitable services and distinguishing them from the services of others.  Save the Children's Marks symbolize the extensive goodwill in the United States belonging to Plaintiff.

9.     Since 1995 when it registered the domain name <savethechildren.org>, that address has brought millions of visitors to Plaintiff's website, helping it to further its charitable purposes by explaining its mission and programs to help children, and reaching out to potential volunteers, sponsors, and donors.  Due to Plaintiff's longstanding use of this domain name, which incorporates the famous SAVE THE CHILDREN Mark, Internet users from all over the world now visit the website located at this address, where they expect to find information concerning Plaintiff's charitable endeavors.

10.     Upon information and belief, Defendant has infringed Plaintiff's Marks in interstate commerce by registering and using the domain name <mysavethechildren.org> (the "Domain Name").  The Domain Name redirects users to another website, http://zulufamily.net, which is also owned by Defendant.  The zulufamily.net website allegedly solicits donations for a charitable group in Zambia, Africa where, as noted in paragraph 6 above, Plaintiff has worked for more than 20 years.[1]

---

[1] The zulufamily.net website states that it solicits donations for the charity known as "Thandizani Ann Amasiye"; however, a broad internet search including U.S. government tax databases listing non-profit organizations and charity search engines failed to find any external references to the charity.

11.     Plaintiff has never authorized Defendant to use Save the Children's Marks in Defendant's own Domain Name.  On February 9, 2011, Plaintiff sent an email to Defendant requesting that Defendant cease and desist from using that Domain Name and facilitate transfer of the Domain Name to Plaintiff, but Defendant has refused to cease activity in connection with the Domain Name or to transfer the Domain Name to Plaintiff.  As a result, the Domain Names <savethechildren.org> and <mysavethechildren.org> coexist, and Defendant's Domain Name continues to harm Save the Children.

**COUNT ONE**
**(Trademark Infringement Under 15 U.S.C. § 1114)**

12.     Paragraphs 1 through 11 of this Complaint are incorporated by reference as if fully set forth herein.

13.     Defendant's website and services are directly competitive with Plaintiff's website and services, as both organizations solicit donations for children, including children in Zambia.

14.     Defendant's use of the Domain Name in interstate commerce, in connection with a service directly competitive with that of Plaintiff, without permission or authorization of Plaintiff, is likely to cause confusion, to cause mistake, and to cause people to believe that the website originates from, is sponsored by, endorsed by, or otherwise affiliated with Save the Children.

15.     On information and belief, Defendant adopted and uses the <mysavethechildren.com> domain name with the knowledge and belief that such unauthorized use in commerce has caused and is likely to continue to cause confusion, or to cause mistake, or to deceive users into thinking that its services are provided by, endorsed by, sponsored, authorized, or otherwise affiliated with Save the Children, in violation of Section 32 of the

4

Lanham Act, 15 U.S.C.A. § 1114.

16.     As a direct and proximate result of the Defendant's conduct, in violation
of Plaintiff's exclusive rights, Plaintiff has and will continue to suffer damage to its business,
reputation, and good will, including the loss of donations it would have received, but for
Defendant's acts.  Plaintiff has suffered and will continue to suffer on each occasion that its
donors visit the <mysavethechildren.org> website and donates to the Defendant's charity
because they believe that the website and charity are provided by, operated by, sponsored by,
authorized by, endorsed by, or otherwise affiliated with Plaintiff.

17.     Unless enjoined by this Court, the conduct of the Defendant will continue
and will cause substantial and irreparable harm to Save the Children.  Since it would be difficult
to ascertain the amount of compensation that could afford Plaintiff adequate relief for such
continuing acts, including damage to reputation and/or dilution of the distinctive quality of Save
the Children's Marks, Save the Children has no adequate remedy at law, and a multiplicity of
judicial proceedings would be required.

## COUNT TWO

**(False Designation of Origin in Violation of 15 U.S.C.A § 1125(a))**

18.     Paragraphs 1 through 17 of this Complaint are incorporated by reference
as if fully set forth herein.

19.     Defendant has caused its services to enter into interstate commerce with
the designation and representation of Save the Children's Marks connected therewith.  Said use
of Save the Children's Marks is a false designation of origin which is likely to cause confusion,
to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant
with Plaintiff as to the origin, sponsorship, or approval of such services by Plaintiff.  These acts
are in violation of 15 U.S.C.A. § 1125(a).

## COUNT THREE
### (Trademark Dilution in Violation of 15 U.S.C. § 1125(C))

20.     Paragraphs 1 through 19 of this Complaint are incorporated by reference as if fully set forth herein.

21.     Save the Children's Marks have become famous and recognized by virtue of more than 70 years of continuous and substantially exclusive use, and are relied upon by the public as identifying Plaintiff and distinguishing its charitable services from the services of others.

22.     In 2008, despite the worldwide fame Plaintiff's Marks had achieved by that time, Defendant obtained a registration of the Domain Name, <mysavethechildren.org>, which incorporates and mostly consists of Plaintiff's Save the Children's Mark in its entirety, and Defendant has since used that Domain Name in interstate commerce.

23.     Defendant's use of its Domain Name causes a likelihood of confusion with Plaintiff's Marks, in violation of 15 U.S.C.A. § 1125(c), and is likely to cause dilution by blurring by impairing the distinctiveness of Plaintiff's famous Marks, to the irreparable injury and damage of Plaintiff.

24.     Defendant's acts are also in violation of 15 U.S.C.A. § 1125(c) in that they are likely to cause dilution by tarnishment by harming the reputation of Plaintiff's famous Marks.

25.     Defendant has committed these acts willfully, with the intent to create an association with and/or trade on the recognition of Plaintiff's famous Marks, and to harm the reputation of Plaintiff's famous Marks.

## COUNT FOUR
### (Cybersquatting in Violation of 15 U.S.C. § 1125(d))

26.     Paragraphs 1 through 25 of this Complaint are incorporated by reference as if fully set forth herein.

27.     Plaintiff's Mark was famous at the time Defendant registered the Domain Name.

28.     By registering a Domain Name that incorporates Plaintiff's famous Mark in its entirety and then using that Domain Name with a bad faith intent to profit from the Save the Children Mark, Defendant's conduct constitutes cybersquatting in violation of 15 U.S.C. 1125(d).

29.     Defendant's acts, in using the Domain Name that incorporates Save the Children's famous Mark even though Defendant has no rights or legitimate interests in respect of the Domain Name and is not commonly known by the Domain Name, so that Defendant could divert traffic from Plaintiff's well-known online location to Defendant's website, constitutes bad faith.

30.     Plaintiff is entitled to the transfer of the Domain Name to Save the Children pursuant to 15 U.S.C. § 1125(d)(1)(C).

## COUNT FIVE

### (CONNECTICUT UNFAIR TRADE PRACTICES ACT)

31.     Paragraphs 1 through 30 of this Complaint are incorporated by reference as if fully set forth herein.

32.     Defendant's conduct in using the <mysavethechildren.org> Domain Name constitutes unfair competition under the Connecticut Unfair Trade Practices Act, *Conn. Gen. Stat.* §§ 42-110a - 42-110q.

33.     Defendant's use of the Domain Name that is confusingly similar to Plaintiff's famous Mark diverts consumers away from Plaintiff's website to Defendant's website, and Plaintiff suffers an ascertainable loss in the form of lost revenue each time one of its donors contributes to Defendant based upon the belief that Defendant's services are provided by, operated by, sponsored by, endorsed by, authorized by, or otherwise affiliated with Save the Children.

34.     As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to injunctive relief pursuant to *Conn. Gen. Stat.* § 42-110g(d). Unless enjoined by this Court, Defendant's conduct will continue to cause severe and irreparable harm to Plaintiff.

35.     Plaintiff is entitled to recover its attorneys' fees and costs pursuant to *Conn. Gen. Stat.* § 42-110(g)(d).

36.     Plaintiff is entitled to recover punitive damages in the discretion of the Court pursuant to *Conn. Gen. Stat.* § 42-110(g)(a).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays:

(a)     that Defendant and those persons active in concert or participation with Defendant be permanently enjoined from further use of the <mysavethechildren.org> domain name or any other name that is confusingly similar to Save the Children's Marks under 15 U.S.C.A. § 1116, and *Conn. Gen. Stat.* § 42-110(g)(a), (d);

(b)     that all labels, boxes, cartons, signs, catalogs, literature, packages, marketing materials, and advertisements of Defendant, which include any mark confusingly similar to Save the Children, be delivered and destroyed as the Court shall direct pursuant to 15 U.S.C. § 1118;

(c)     that Defendant promptly transfer the Domain Name to Save the Children

pursuant to 15 U.S.C. § 1125(d)(1)(C);

(d)     that Defendant be ordered to account to Plaintiff for any and all

profits derived by it by reasons of the acts complained of in this Complaint pursuant to 15 U.S.C.

§§ 1114, 1117, and 1125;

(e)     that Defendant be ordered to pay damages to Plaintiff for injuries

sustained by Plaintiff as a result of infringement of Plaintiff's service marks and dilution, in an

amount to be determined at trial, pursuant to 15 U.S.C. §§ 1114, 1117 and *Conn. Gen. Stat.* § 42-

110(g)(d);

(f)     that Defendant be ordered to pay treble damages to Plaintiff

pursuant to 15 U.S.C. § 1117(b) and punitive damages pursuant to *Conn. Gen. Stat.* § 42-

110(g)(a);

(g)     that Plaintiff be awarded its cost of this action including reasonable

attorney's fees pursuant to 15 U.S.C. § 1117, and *Conn. Gen. Stat.* § 42-110(g)(d); and

(h)     that Plaintiff be awarded such further relief as the Court shall deem

appropriate.

PLAINTIFF SAVE THE CHILDREN
FEDERATION, INC.


By:___*s/ David R. Schaefer*_____
David R. Schaefer (ct04334)
Brenner, Saltzman & Wallman, LLP
Its Attorneys
271 Whitney Ave.
New Haven, CT 0651
Tel. 203-772-2600
Fax: 203-562-2098
Email:  dschaefer@bswlaw.com


Of Counsel:

Stephen D. Kahn
Stacey M. Mayer
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Tel. 212 310 8000



m:\docs\05548\002\bc2227.doc